PHIL METZKER, Respondent, v. FRANK B. FIELD, Appellant.

Kansas City Court of Appeals, November 6, 1911.

SALE OF GOODS: Lien for Purchase Price: Misappropriation of Proceeds: Interlocutory Order: Right to Appeal. A petition in equity stated that there was an agreement between the seller and buyer of a stock of goods that the former may have a lien on the goods for the purchase price, and that a trustee shall be put in possession to sell and deposit the proceeds in a certain bank to be applied on the purchase ˙money. And thereafter the trustee sells to the amount of $85 and fails to deposit. And afterwards the seller agrees with the buyer that if he will permit him he will sell the stock in bulk to a purchaser and deposit $700 in the bank to be paid on the purchase money, but upon making the sale puts the money in a safe deposit vault instead of the bank. The petition asked that the $700 be ordered paid into court to await the order of the court after a trial of the case on the merits, and if that was not done that the plaintiff's lien

on the goods be foreclosed and for other proper relief. It was *held* that the petition stated a case in equity, and that the trial court was justified on the preliminary hearing in ordering the $700 paid into court to await the trial on the merits.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*Joseph F. Aylward* and *I. J. Ringolsky* for appellant.

*W. L. McSpadden, L. A. Laughlin* and *Ed. Woodburn* for respondent.

ELLISON, J.—Plaintiff filed his bill in equity in the circuit court against the several defendants herein, asking among other things that pending the trial of the matters alleged, the defendant Field be required to pay to the clerk of that court $700 in money alleged to be held by Field in a safety deposit box in one of the banks of Kansas City. The trial court made the interlocutory order as requested, and from that order defendant Field took his appeal.

It appears that plaintiff was the owner of a stock of goods, wares and merchandise, and that on the 20th of April, 1910, he entered into an agreement with defendant Field whereby he sold it to Field, on credit, for $800, which was to be evidenced by the latter's promissory note for that amount, with eight per cent interest from date. It was further agreed that defendant Henry J. Wendel was to act as trustee and the stock put in his possession and the goods sold at retail, the proceeds to be deposited with the defendant bank, to plaintiff's credit, and to be applied upon the note.

It further appears that after said agreement Wendel took possession and sold therefrom at retail and deposited in the bank $24.50 to plaintiff's credit, but

that he also sold $85 worth of such goods and did not deposit it in the bank.

It further appears that these parties then entered into a supplementary agreement in writing, whereby defendant McWilliams was substituted for Wendel as trustee, and that all goods placed in the store since the original agreement should be included in the agreement as thus supplemented, and that defendant McSpadden should be paid $25 as an attorney's fee out of sales. It further appears that shortly thereafter defendant Field stated that he could sell the goods in bulk to defendant Klein for $700 in cash in addition to the two sums above mentioned already realized from sales. That plaintiff agreed that if the $700 was deposited with the defendant bank to his credit, the sale might proceed and he would satisfy his claim, and that Field received the $700 from Klein, but instead of depositing it to his, plaintiff's, credit in the bank, put it in a safety deposit to his own credit. The prayer was that the $700 thus paid to defendant Field be paid into court and ordered turned over to plaintiff; and if not so paid and turned over to plaintiff, that the agreement for a lien be enforced and the property sold, etc., and for such other and further relief as might be proper.

The trial court ordered that defendant Field be required to show cause why he should not pay said sum into court. Field came in and filed a lengthy return setting out a number of reasons why he ought not to be required to pay the money into court, all of them matters pertaining to the rights of the parties on a defense that may finally be made at the trial on the merits. He alleges in such return that plaintiff allowed goods to be taken out of the stock "of the cash value of ———"; that he sold on credit to irresponsible parties to the amount of $443, which was lost to defendant; that he permitted a horse and two wagons, worth $150, to be taken from defendant; that he obtained $175 more than he was entitled to, in a fore-

closure of another mortgage on said stock; that one W. M. Crawford was at that time also interested in said stock and that plaintiff's misappropriations also affected him, but that he had assigned his interest to defendant Field.

It is then further alleged that plaintiff authorized the sale of the stock to defendant Klein, and that the latter paid to defendant $1200 in cash and three lots in Kansas City, Kansas; and that nothing is due to plaintiff out of that sum, and that on the contrary plaintiff is indebted to him.

It is further stated in the return that he has been garnisheed by an attaching creditor of plaintiff in the sum of $588.

On a hearing of this return to the citation, the court ordered that "after hearing the admissions of defendant under oath and his answers, finds that said motion should be sustained, and doth sustain said motion," and ordered that said payment of $700 be made by Field on or before Monday, June 27, 1910, and the money be held by the clerk pending the result of this suit and the prior claim thereon, if any, by reason of the garnishment set up by defendant.

We pass by the question raised by plaintiff as to defendant's right to appeal from an interlocutory order such as this, as we find the appeal to be without merit. We do not understand why defendant should consider the order for the money to be paid into court until the rights of the parties could be determined, should be considered of sufficient importance to stop further proceedings to await the result of an appeal. The return to the citation is no less than a defense on the merits by setting up a variety of matter requiring extended examination of matters pertaining to the merits. The order does not conclude defendant in any of these matters if they are legal and real. Nor does it endanger defendant by reason of any garnishment which he claims may finally ripen into a lien, for the

order is drawn so as to avoid that. We think the court justified in making the order, and have only to consider its authority to do so.

Neither party cites us to any direct authority on the question and seem to content themselves with their respective assertions of opposite opinions. The bill alleges an agreement for a lien on personal property to secure a debt and an agreement for a trustee (and a substituted trustee) who was to take possession of the property, sell it at retail and deposit the proceeds in a certain bank to be applied on the debt. It then alleges, in the conditions before recited, that defendant had misappropriated $700 of the proceeds of a sale of the stock, by placing it in a safety deposit box inaccessible to plaintiff, and asks for a foreclosure of the lien.

In our opinion plaintiff has a right to enforce his lien in a court of equity. His petition states such a case and puts him in position to do this. For while it is true that he asks that the $700 be paid into court to await the ascertainment of his lien rights and the amount thereof, yet it is all based on the idea, as clearly stated, that if this is not paid in that his lien be enforced against the goods.

Defendant claims that his failure to deposit the $700 in the bank was merely a conversion of the money, for which an ordinary action at law would lie. But that claim overlooks the case stated and the prayer for an enforcement of the lien.

We are clearly of the opinion that the judgment of the court should be affirmed. All concur.